IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VITOL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> Defendant. | § § § § § § § § § § § § § § § No. 4:18-cv-2275 |

**COMPLAINT REGARDING REFUND OF FEDERAL EXCISE TAXES
UNDER 28 U.S.C. § 1346(a)(1)**

Plaintiff, Vitol, Inc. ("Vitol" or "Plaintiff") hereby files this complaint for a refund of Federal excise taxes that were erroneously collected and illegally retained by Defendant, United States of America ("Defendant"), acting through the Commissioner of the Internal Revenue Service (the "Commissioner"), and as the basis for this complaint alleges as follows:

## I. Preliminary Statement

1.      This is an action arising under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for recovery of $8,784,740.47 in Federal excise taxes erroneously collected and illegally retained by Defendant for Plaintiff's taxable quarters ending September 30, 2013; December 31, 2013; June 30, 2014; and September 30, 2014, plus statutory interest thereon as provided by law.

## II. The Parties

2.Plaintiff, Vitol, is a corporation organized and existing under the laws of the State of Delaware.  Vitol's business involves the purchase, production, sale, and physical movement of a wide array of energy commodities.  In this connection, Vitol produces and sells alternative fuel mixtures.  Vitol's Federal Employer Identification Number is 20-5733288.

3.Defendant is the United States of America, acting through the Commissioner.

## III. Jurisdiction and Venue

4.This is an action for the recovery of Federal excise tax erroneously collected from Vitol and illegally retained by Defendant.  Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422.

5.Venue for this action properly lies in the United States District Court for the Southern District of Texas under 28 U.S.C. § 1402(a)(2) because Vitol's principal place of business is located at 2925 Richmond Avenue, 11th Floor, Houston, Texas 77098, which is in this judicial district.

6.Vitol timely filed IRS Forms 720, Quarterly Federal Excise Tax Return, on which it reported its quarterly excise tax liability for each taxable quarter ending September 30, 2013; December 31, 2013; June 30, 2014; and September 30, 2014.

7.Vitol timely and fully paid its quarterly excise tax liability for each taxable quarter ending September 30, 2013; December 31, 2013; June 30, 2014; and September 30, 2014.  28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145 (1960).

8.Vitol timely filed Forms 720X, Amended Quarterly Federal Excise Tax Return, for the taxable quarters ending September 30, 2013; December 31, 2013; June 30, 2014; and

September 30, 2014. On each such Form 720X, Vitol claimed entitlement to certain tax credits available to it and requested refunds of corresponding amounts of previously paid excise taxes.

    a. On or about January 18, 2017, Vitol filed a Form 720X for the taxable quarters ending September 30, 2013, and December 31, 2013, a true copy of which is attached as Exhibit A.

    b. On or about July 31, 2017, Vitol filed a Form 720X for the taxable quarter ending June 30, 2014, a true copy of which is attached as Exhibit B.

    c. On or October 27, 2017, Vitol filed a Form 720X for the taxable quarter ending September 30, 2014, a true copy of which is attached as Exhibit C.

9. Six months have expired since Vitol filed the above-described claims for refund. 26 U.S.C § 6532(a).

10. Vitol has (a) made full payment of the excise taxes; (b) timely filed its claims for refund on Forms 720X; and (c) filed this complaint within the proper period; therefore, jurisdiction is proper.

### IV. Factual and Procedural Allegations

**Applicable Law**

11. "Alternative fuel mixture" is defined as a mixture of an "alternative fuel" and a "taxable fuel (as defined in subparagraph (A), (B), or (C) of section 4083(a)(1)." 26 U.S.C. § 6426(e)(2). The concentration of taxable fuel in an alternative fuel mixture must be at least 0.1% (by volume). IRS Notice 2006-92, 2006-2 C.B. 774.

12. "Alternative fuel" includes "liquefied petroleum gas." 26 U.S.C. § 6426(d)(2). Butane is a liquefied petroleum gas. *See, e.g.*, 26 C.F.R. §§ 1.927(a)-1T(g)(2)(ii)(C), 1.993-

3

3(g)(3)(ii)(c), 48.4041-8(f)(1)(i).  Butane is an "alternative fuel" within the meaning of 26 U.S.C. § 6426.

13. "Taxable fuel" includes, *inter alia*, gasoline.  26 U.S.C. § 4083(a)(1)(A).

14. Under the Internal Revenue Code of 1986 as in effect for the taxable quarters ending September 30, 2013; December 31, 2013; June 30, 2014; and September 30, 2014, an alternative fuel mixture tax credit was available if the alternative fuel mixture was sold by the taxpayer producing such mixture to any person for use as fuel, or is used as a fuel by the taxpayer producing such mixture.  26 U.S.C. § 6426(e).

15. The alternative fuel mixture tax credit is calculated as the product of 50 cents and the number of gallons of alternative fuel used by the taxpayer in producing any "alternative fuel mixture" for sale or use in a trade or business of the taxpayer.  26 U.S.C. § 6426(e)(1).

16. Alternative fuel mixture tax credits are claimed as a tax credit against a taxpayer's excise tax liability imposed by 26 U.S.C. § 4081 (and may be claimed only to the extent of such tax liability).  26 U.S.C. § 6426(a)(1).

17. Both the alternative fuel mixture tax credit and excise taxes imposed by 26 U.S.C. § 4081 are reported on Forms 720 and/or Forms 720X.

**Factual Allegations**

18. During each taxable quarter ending September 30, 2013; December 31, 2013; June 30, 2014; and September 30, 2014, Vitol produced alternative fuel mixtures comprised of butane (an "alternative fuel") and gasoline (a "taxable fuel"), comprised of at least 0.1% gasoline by volume, and sold such alternative fuel mixtures to others for use as a fuel.

19.     Vitol's production of these alternative fuel mixtures entitled it to alternative fuel mixture tax credits.

20.     For each taxable quarter ending September 30, 2013; December 31, 2013; June 30, 2014; and September 30, 2014, Vitol timely filed with the Internal Revenue Service Forms 720 or Forms 720X, on which it reported and paid its quarterly excise tax liability, unreduced by any alternative fuel mixture tax credits.

21.     Vitol subsequently filed with the Internal Revenue Service Forms 720X, for each taxable quarter ending September 30, 2013; December 31, 2013; June 30, 2014; and September 30, 2014, on which it reported alternative fuel mixture tax credits, and requested refunds of previously paid excise taxes in the amount of the claimed alternative fuel mixture tax credits.

22.     The Commissioner has improperly and unlawfully failed to refund to Vitol excise taxes paid with respect to the taxable quarters listed above in amounts equivalent to the alternative fuel mixture tax credits claimed by Vitol on its Forms 720X.

23.     Vitol therefore brings this action for recovery of $8,784,740.47 in excise taxes that were erroneously collected from Plaintiff and illegally retained by Defendant with respect to the taxable quarters ending September 30, 2013; December 31, 2013; June 30, 2014; and September 30, 2014, plus interest.

**Vitol's Claims for Refund**

24.     With respect to each taxable quarter at issue in this complaint, Vitol reported on a Form 720 filed with the Internal Revenue Service and paid to the Internal Revenue Service excise taxes under 26 U.S.C. § 4081 in the following amounts:

    a. Taxable quarter ending September 30, 2013: $277,964.47.

    b. Taxable quarter ending December 31, 2013: $10,690,877.33.

    c. Taxable quarter ending June 30, 2014: $37,769,077.28.

    d. Taxable quarter ending September 30, 2014: $28,663,284.87.

25. During each taxable quarter at issue in this complaint, Vitol produced alternative fuel mixtures comprised of butane and gasoline, comprised of at least 0.1% gasoline by volume, and sold such fuel mixtures to others for use as a fuel. Vitol used the following amounts of butane (alternative fuel) in producing these mixtures:

    a. Taxable quarter ending September 30, 2013: 6,228,061 gallons of butane.

    b. Taxable quarter ending December 31, 2013: 8,881,513 gallons of butane.

    c. Taxable quarter ending June 30, 2014: 166,194 gallons of butane.

    d. Taxable quarter ending September 30, 2014: 7,965,845 gallons of butane.

26. Vitol timely filed with the Internal Revenue Service Forms 720X requesting refunds of excise tax in the amounts of the alternative fuel mixture tax credits to which it was entitled for the taxable quarters at issue in this complaint.

    a. On or about January 18, 2017, Vitol filed a Form 720X for the taxable quarter ending September 30, 2013, properly claiming a refund of $277,964.47 with respect to 555,929 gallons of butane used in the alternative fuel mixtures.

    b. On or about January 18, 2017, Vitol filed a Form 720X for the taxable quarter ending December 31, 2013, properly claiming a refund of $4,440,756.00 with respect to 8,881,513 gallons of butane used in the alternative fuel mixtures.

    c. On or about July 31, 2017, Vitol filed a Form 720X for the taxable quarter ending June 30, 2014, properly claiming a refund of $83,097.00 with respect to 166,194 gallons of butane used in the alternative fuel mixtures.

    d. On or about October 27, 2017, Vitol filed a Form 720X for the taxable quarter ending September 30, 2014, properly claiming a refund of $3,982,923.00 with respect to 7,965,845 gallons of butane used in the alternative fuel mixtures.

27.    Since Vitol's available alternative fuel mixture tax credits for the taxable quarter ending September 30, 2014 ($0.50 x 6,228,061 gallons of butane, or $3,114,030.50), exceeds the amount of its excise tax liability under 26 U.S.C. § 4081 ($277,964.47), Vitol's claim for alternative fuel mixture tax credits for such quarter is limited to $277,964.47.  For each other taxable quarter, Vitol's excise tax liability under 26 U.S.C. § 4081 exceeds the amount of its alternative fuel mixture tax credits for the corresponding taxable quarter.  Vitol is entitled to a refund of the full amount of its alternative fuel mixture tax credits.

28.    The following chart illustrates for each taxable quarter at issue in this complaint, the amount of 26 U.S.C. § 4081 liability reported on Vitol's Form 720, the quantity of butane used in alternative fuel mixtures, the amount of alternative fuel mixture tax credits claimed by Vitol on Form 720X, and the date of Vitol's claim for refund:

|  | Taxable Quarter Ending | | | |
|---|---|---|---|---|
|  | September 30, 2013 | December 31, 2013 | June 30, 2014 | September 30, 2014 |
| 26 U.S.C. § 4081 excise tax liability | $277,964.47 | $10,690,877.33 | $37,769,077.28 | $28,663,284.87 |
| Butane used in alternative fuel mixtures (gallons) | 6,228,061 | 8,881,513 | 166,194 | 7,965,845 |
| Alternative fuel mixture tax credits claimed under 26 U.S.C. § 6426(e) | $277,964.47 | $4,440,756.00 | $83,097.00 | $3,982,923.00 |
| Date of Vitol's claims for refund on Form 720X | January 18, 2017 | January 18, 2017 | July 31, 2017 | October 27, 2017 |

**Status of Claims**

29. Although payment of the refunds claimed for the taxable quarters ending September 30, 2013; December 31, 2013; June 30, 2014; and September 30, 2014, has been demanded, the Internal Revenue Service has failed to make payment on any of these claims.

   a. On or about January 18, 2017, Vitol timely filed with the Internal Revenue Service a Form 720X for the taxable quarters ending September 30, 2013, and December 31, 2013.

   b. On or about July 31, 2017, Vitol timely filed with the Internal Revenue Service a Form 720X for the taxable quarter ending June 30, 2014.

   c. On or about October 27, 2017, Vitol timely filed with the Internal Revenue Service a Form 720X for the taxable quarter ending September 30, 2014.

30. More than six months has expired since Vitol filed each Form 720X described in paragraph 29 for the taxable quarters at issue in this complaint.

      a.   The Internal Revenue Service has not refunded the $277,964.47 or $4,440,756.00 in alternative fuel mixture tax credits claimed for the taxable quarters ending September 30, 2013, and December 31, 2013, respectively.

      b.   The Internal Revenue Service has not refunded the $83,097.00 in alternative fuel mixture tax credits claimed for the taxable quarter ending June 30, 2014.

      c.   The Internal Revenue Service has not refunded the $3,982,923.00 in alternative fuel mixture tax credits claimed for the taxable quarter ending September 30, 2014.

31.    Accordingly, this action is timely commenced with respect to 26 U.S.C. § 6532(a).

## V. Assignments of Error

**Count One (Third Quarter 2013 Claim)**

32.    Vitol incorporates herein by reference and realleges all allegations in paragraphs 1–31.

33.    Because Vitol used 6,228,061 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Vitol was entitled to alternative fuel mixture tax credits during the taxable period ending September 30, 2013, of $277,964.47 ($0.50 x 555,929 gallons of butane).

34.    Because Vitol's excise tax liability under 26 U.S.C. § 4081 for the taxable period ending September 30, 2013, was $277,964.47, Vitol properly claimed a refund of $277,964.47.

9

35. For the reasons set forth above, Vitol is entitled to recover from Defendant the amount of $277,964.47, plus additional allowable interest.

**Count Two (Fourth Quarter 2013 Claim)**

36. Vitol incorporates herein by reference and realleges all allegations in paragraphs 1–31.

37. Because Vitol used 8,881,513 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Vitol was entitled to claim alternative fuel mixture tax credits during the taxable period ending December 31, 2013, of $4,440,756.00 ($0.50 x 8,881,513 gallons of butane).

38. Because Vitol's excise tax liability under 26 U.S.C. § 4081 for the taxable period ending December 31, 2013, was $10,690,877.33, Vitol properly claimed a refund of $4,440,756.00.

39. For the reasons set forth above, Vitol is entitled to recover from Defendant the amount of $4,440,756.00, plus additional allowable interest.

**Count Three (Second Quarter 2014 Claim)**

40. Vitol incorporates herein by reference and realleges all allegations in paragraphs 1–31.

41. Because Vitol used 166,194 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Vitol was entitled to alternative fuel mixture

tax credits during the taxable period ending June 30, 2014, of $83,097.00 ($0.50 x 166,194 gallons of butane).

42. Because Vitol's excise tax liability under 26 U.S.C. § 4081 for the taxable period ending June 30, 2014, was $37,769,077.28, Vitol properly claimed a refund of $83,097.00.

43. For the reasons set forth above, Vitol is entitled to recover from Defendant the amount of $83,097.00, plus additional allowable interest.

**Count Four (Third Quarter 2014 Claim)**

44. Vitol incorporates herein by reference and realleges all allegations in paragraphs 1–31.

45. Because Vitol used 7,965,845 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and sold the mixtures to one or more persons for use as a fuel, Vitol was entitled to alternative fuel mixture tax credits during the taxable period ending September 30, 2014, of $3,982,923.00 ($0.50 x 7,965,845 gallons of butane).

46. Because Vitol's excise tax liability under 26 U.S.C. § 4081 for the taxable period ending September 30, 2014, was $28,663,284.87, Vitol properly claimed a refund of $3,982,923.00.

47. For the reasons set forth above, Vitol is entitled to recover from Defendant the amount of $3,982,923.00, plus additional allowable interest.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. That Plaintiff be refunded $277,964.47 for the taxable period ending September 30, 2013; $4,440,756.00 for the taxable period ending December 31, 2013; $83,097.00 for the taxable period ending June 30, 2014; and $3,982,923.00 for the taxable period ending September 30, 2014, together with interest as allowed by law.

2. Plaintiff's costs of this action and for such other, further, and different relief as the Court may deem appropriate.

Dated:  July 3, 2018

Respectfully submitted,

/s/ David A. Baay
Attorney-in-Charge
David A. Baay
Texas Bar No. 24027050
Federal ID No. 598715
Eversheds Sutherland (US) LLP
1001 Fannin Street, Suite 3700
Houston, TX  77002
DavidBaay@eversheds-sutherland.com

Of counsel:

Amish M. Shah
  District of Columbia Bar No. 468530
  (*admission papers forthcoming*)
Susan E. Seabrook
  District of Columbia Bar No. 472489
  (*admission papers forthcoming*)
Daniel G. Strickland
  District of Columbia Bar No. 1531288
  (*admission papers forthcoming*)
Eversheds Sutherland (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC  20001
Tel:  (202) 383-0100
Fax:  (202) 637-3593
AmishShah@eversheds-sutherland.com
SusanSeabrook@eversheds-sutherland.com
DanielStrickland@eversheds-sutherland.com

*Attorneys for Vitol, Inc.*