```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | |
|---|---|
| VITOL, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-18-2275 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Plaintiff's Motion for Partial Summary Judgment (Doc. 36) and Defendant's Motion to Strike Affidavit of Ken Stern (Doc. 60). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the Motion for Partial Summary Judgment be **DENIED**. The Motion to Strike Affidavit of Ken Stern is **DENIED AS MOOT**.

### I. Case Background

Plaintiff filed this lawsuit seeking a refund of federal excise taxes.

#### A. Factual Background

Plaintiff alleges that it is a producer of a mixture of butane and gasoline.[2] For the taxable quarters ending September 2013,

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 14, Ord. Dated Aug. 22, 2018.

[2] See Doc. 1, Pl.'s Compl. p. 4.

December 2013, June 2014, and September 2014, Plaintiff paid its quarterly excise tax liability, which was not reduced by an alternative fuel mixture tax credit under 26 U.S.C. § ("Section") 6426(e).[3] Plaintiff later filed amended returns that claimed the alternative fuel mixture credit and requested a refund for the referenced taxable quarters.[4] Defendant denied the requested refund.[5] As a result, Plaintiff brought this lawsuit seeking to recover $8,784,740.47 in overpaid excise taxes.[6]

**B.  Procedural Background**

Plaintiff filed this lawsuit on July 3, 2018.[7] On June 27, 2019, Plaintiff filed its pending motion for partial summary judgment.[8] Following multiple deadline extensions, Defendant filed its response to Plaintiff's motion for partial summary judgment on January 3, 2020.[9] On January 8, 2020, Plaintiff filed a reply in support of its motion for partial summary judgment.[10] Defendant filed its pending motion to strike on January 24, 2020.[11] Plaintiff

---

[3]  See id. p. 5.

[4]  See id.

[5]  See id.

[6]  See id.

[7]  See id.

[8]  See Doc. 36, Pl.'s Mot. for Part. Summ. J.

[9]  See Doc. 55, Def.'s Resp. to Pl.'s Mot. for Part. Summ. J.

[10]  See Doc. 58, Pl.'s Reply in Support of Mot. for Part. Summ. J.

[11]  See Doc. 60, Def.'s Mot. to Strike.

filed a response to Defendant's motion to strike on February 14, 2020.[12] On February 19, 2020, Defendant filed a reply in support of its motion to strike.[13]

## II. Legal Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 504 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Coastal Agricultural Supply, Inc., 759 F.3d at 504 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. See id. at

---

[12] See Doc. 67, Pl.'s Resp. to Def.'s Mot. to Strike.

[13] See Doc. 69, Def.'s Reply in Support of Mot. to Strike.

505 (quoting Celotex Corp., 477 U.S. at 323). If the movant carries its burden, the nonmovant may not rest on the allegations or denials in the pleading but must respond with evidence showing a genuine factual dispute. See id. The court must accept all of the nonmovant's evidence as true and draw all justifiable inferences in her favor. Coastal Agric. Supply, Inc., 759 F.3d at 505 (quoting Anderson, 477 U.S. at 255).

### III. Analysis

Plaintiff filed its motion for partial summary judgment seeking a ruling on whether the term "liquefied petroleum gas" ("LPG") as used in Section 6426, includes butane. Plaintiff argues that the meaning of LPG, as used in Section 6426, should be determined in accordance with LPG's ordinary meaning. Thus, because LPG's ordinary meaning includes butane, Section 6426's LPG includes butane. Defendant argues that, within the context of Section 6426, LPG does not include butane.

**A.   Section 6426**[14]

Section 6426 provides tax credits for the production of various types of fuel. Section 6426(e) provides a tax credit to a taxpayer who produces "any alternative fuel mixture for sale or use in a trade or business of the taxpayer." An "alternative fuel mixture" is defined as "a mixture of alternative fuel and taxable

---

[14] Sections 6426(d) and 6426(e) were recently modified to "not apply to any sale or use for any period after December 31, 2017." 26 U.S.C. §§ 6426(d)(5), (e)(3). As this lawsuit predates December 31, 2017, Congress's nullification of these sections has no effect on this lawsuit.

fuel . . . ." 26 U.S.C. § 6426(e)(2). "Alternative fuel" is defined in Section 6426(d) in a list that includes LPG as well as other types of fuel. LPG is not defined. The parties dispute whether LPG, as used in Section 6426, includes butane.

"It is a fundamental canon of statutory construction that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." Sandifer v. U.S. Steel Corp., 571 U.S. 220, 227 (2014)(internal quotation marks omitted)(quoting Perrin v. United States, 444 U.S. 37, 42 (1979)). The court may "deviate from the literal language of a statute only if the plain language would lead to absurd results, or if such an interpretation would defeat the intent of Congress." Kornman & Associates, Inc. v. United States, 527 F.3d 443, 451 (5th Cir. 2008)(citing Lamie v. United States Tr., 540 U.S. 526, 534 (2004)). The court may turn to legislative history "[o]nly after application of the principles of statutory construction, including the canons of construction, and after a conclusion that the statute is ambiguous[.]" (citing Carrieri v. Jobs.com, Inc., 393 F.3d 508, 518-19 (5th Cir.2004)).

Accordingly, the court first turns to the common meaning of LPG.

**B.    Common Meaning of LPG**

Numerous dictionaries define LPG to include butane.[15] LPG is defined to include butane multiple times in the Code of Federal Regulations. 26 C.F.R. § 1.907(c)-1(d)(6)(listing ethane, propane, and butane as LPGs); 26 C.F.R. § 1.927(a)-1T(g)(2)(ii)(C)(stating that ethane, propane, and butane are LPGs); 26 C.F.R. § 1.993-3(g)(3)(ii)(c); 26 C.F.R. § 48.4041-8(f)(1)(I). Plaintiff has provided countless other sources stating that butane is an LPG.[16] Even Defendant's own expert witness stated that butane is always an LPG.[17]

For the purposes of this opinion, the court finds that the common meaning of LPG includes butane. Thus, the appropriate inquiry is whether defining butane as an LPG within Section 6426 leads to an absurd result or is contrary to the intent of Congress. See Kornman, 527 F.3d at 451.

### C. **Butane as an LPG Within Section 6426**

If the term LPG, as listed in Section 6426(d), includes

---

[15] See, e.g., Merriam-Webster.com, https://www.merriam-webster.com/dictionary/liquefied%20petroleum%20gas (defining LPG as "a compressed gas that consists of flammable hydrocarbons (such as propane and butane) and is used especially as fuel or as raw material for chemical synthesis")(last visited Jan. 29, 2020); Dictionary.com, https://www.dictionary.com/browse/liquefied-petroleum-gas (defining LPG as "a gas liquefied by compression, consisting of flammable hydrocarbons, as propane and butane")(last visted Jan. 29, 2020; Lexico.com, https://www.lexico.com/definition/liquefied_petroleum_gas (defining LPG as "[a] mixture of light gaseous hydrocarbons (ethane, propane, butane, etc.) made liquid by pressure and used as fuel")(last visited Jan. 29, 2020).

[16] See Doc. 36, Pl.'s Mot. for Summ. J. pp. 8-15.

[17] See Doc. 58-1, App. B to Pl.'s Reply in Support of Mot. for Part. Summ. J., Dep. Tr. of Karl W. Gardner pp. 42, 49.

6

butane, then butane is an alternative fuel under Section 6426. See 26 U.S.C. § 6426(d). An alternative fuel mixture is a mixture of an alternative fuel (as defined in Section 6426(d)) and a taxable fuel (as defined in Section 4083). 26 U.S.C. § 6426(e). "Taxable fuel" is defined as gasoline, diesel fuel, and kerosene. 26 U.S.C. § 4083(a). "The term 'gasoline' . . . includes . . . any gasoline blend stock . . . ." 26 U.S.C. § 4083(a)(2)(B). "[G]asoline blendstocks means . . . [b]utane . . . ." 26 C.F.R. § 48.4081-1(c)(3)(i)(B). Thus, butane is a taxable fuel under Section 4083. If butane is considered an LPG under Section 6426, then butane is both an alternative fuel and a taxable fuel within the definition of an alternative fuel mixture.

Congress could not have intended for butane to be both an alternative fuel and a taxable fuel within the definition of an alternative fuel mixture. Without further explanation, this result does not make sense. The result is even more absurd when the scientific nature of butane is considered.

"Butane occurs naturally mixed with natural gas and oil deep in the earth."[18] Butane is present in most, if not all, gallons of gasoline sold in the United States. See Rev. Rul. 2018-2, 2018-2 I.R.B. 277 ("Every gallon of gasoline sold in the United States contains butane."); Doc. 55-1, App. to Def.'s Resp. to Pl.'s Mot. for Summ. J., Floor Colloquy APP0001 ("All gasoline includes butane

---

[18] See Doc. 36-11, Attached Authorities to Pl.'s Mot. for Summ. J., DOW PSA p. 350 of 382.

and, as far as I am aware, always has."); Doc. 36-11, Attached Authorities to Pl.'s Mot. for Summ. J., DOW PSA p. 350 of 382 ("The major end use for butane in the U.S. is for the production of gasoline.").

Under Plaintiff's proposed reading of the statute, Congress would have intended for the alternative fuel mixture credit to incentivize the production of gasoline that was already being produced without change. Again, it is unlikely that such a result was intended by Congress when it enacted Section 6426.

**D.   The Revenue Ruling**

On January 8, 2018, the Internal Revenue Service ("IRS") published Revenue Ruling 2018-2 (the "Revenue Ruling"). See Rev. Rul. 2018-2, 2018-2 I.R.B. 277. In the Revenue Ruling, the IRS considered whether a mixture of butane and gasoline qualified for the alternative fuel mixture credit under Section 6426(e). See id. The IRS found that butane is a taxable fuel under Section 4083 because: (1) gasoline is a taxable fuel under Section 4083(a)(1); (2) per Section 4083(a)(2)(B), gasoline includes any gasoline blendstock; and (3) 26 C.F.R. 48.4081-1(c)(3)(i) states that butane is a gasoline blendstock. See id. at 4. The IRS concluded that "[a] mixture of butane, a taxable fuel, with gasoline, a taxable fuel, is a mixture of two taxable fuels, not a mixture of a taxable fuel and an alternative fuel, as required by [Section] 6426(e)(2)." Id. Under the Revenue Ruling, a producer may not claim a tax

credit under Section 6426(e) for a mixture of gasoline and butane. Id.

Revenue rulings are entitled to Skidmore deference. Kornman, 527 F.3d at 455. Skidmore requires the court to consider whether a revenue ruling has the power to persuade. See id. "The degree of deference owed to a particular revenue ruling will depend upon several disjunctive factors: 'the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" Id. (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)). "One factor which gives a revenue ruling its power to persuade is its reasonableness." Id. (citing Foil v. C.I.R., 920 F.2d 1196, 1201 (5th Cir. 1990)). Revenue rulings are particularly persuasive where a contrary interpretation leads to an absurd result. Id. (affording three revenue rulings significant weight where a contrary interpretation led to an absurd result).

As discussed above, the determination reached in the Revenue Ruling avoids the absurd result reached when butane is considered an LPG within Section 6426. The Revenue Ruling is also consistent with common sense considering that all gasoline contains butane. Finally, in the Revenue Ruling, the IRS reaches the same conclusion as the court under substantially similar reasoning.

However, Plaintiff argues that the Revenue Ruling is

9

inconsistent with prior IRS decisions, and should be ignored by the court. Plaintiff posits that, in IRS Notice 2007-37 (the "Notice"), the IRS analyzed a nearly identical situation concerning the treatment of renewable diesel in Section 6426(c).

Section 6426(c) provides a credit where a taxpayer produces a mixture of biodiesel and diesel fuel for sale or use in the taxpayer's business. See 26 U.S.C. 6426(c)(1). In the Notice, the IRS states that renewable diesel can be treated as a biodiesel for the purposes of the biodiesel mixture credit in Section 6426(c) and as diesel fuel (a taxable fuel) under Section 4083(a). This would reach an odd result, as it would mean that renewable diesel is both a biodiesel and diesel for the purposes of Section 6426(c), and is, by itself, arguably a biodiesel mixture entitled to a tax credit. However, the Notice further states that "a mixture of renewable diesel and diesel fuel (other than renewable diesel) that contains at least 0.1 percent (by volume) of diesel fuel (other than renewable diesel)" may be treated as a biodiesel mixture. This second statement clarifies how renewable diesel can sensibly be applied to Section 6426(c)'s biodiesel mixture credit. The Notice avoids the absurd result that would occur if renewable diesel were treated as both a biodiesel and a diesel fuel within the definition of a biodiesel mixture.

Plaintiff attempts to equate the dual treatment of renewable diesel to its proposed treatment of butane because diesel is a

10

taxable fuel, and the IRS treats renewable diesel as both a taxable fuel under Section 4083(a) and as biodiesel within the definition of a biodiesel mixture. However, the Notice clarifies that the dual treatment of renewable diesel does not extend into the definition of a biodiesel mixture. Plaintiff's proposed treatment of butane would make butane both an alternative fuel and a taxable fuel within the definition of an alternative fuel mixture – a result that would actually be inconsistent with the Notice.[19] The court finds that the Notice is consistent with the Revenue Ruling.

Finally, the court acknowledges that some courts have given less weight to revenue rulings issued after the pending litigation was initiated, as is the case here. See e.g., Fribourg Nav. Co. v. C. I. R., 383 U.S. 272, 282 (1966). Under Skidmore, the court is only to consider the Revenue Ruling's power to persuade. The court notes the timing of the Revenue Ruling in its determination of the persuasiveness of the Revenue Ruling.

As discussed above, the Revenue Ruling is reasonable, thorough, and not inconsistent with prior IRS pronouncements.

---

[19] Section 6426(d) provides an alternative fuel tax credit to a taxpayer who sells an alternative fuel for certain uses. To the extent Plaintiff argues that this issue is not present with butane because a producer of pure butane would use Section 6426(d)'s alternative fuel credit, this solution does not solve the entire problem. Section 6426(d)'s alternative fuel credit applies only where the alternative fuel sold is used "in a motor vehicle or motorboat, sold by the taxpayer for use as a fuel in aviation, or so used by the taxpayer," but the alternative fuel mixture credit applies when the fuel is sold or used in a trade or business of the taxpayer. Thus, there would still be scenarios where a butane producer would not be eligible for the alternative fuel credit, but would arguably be eligible for the alternative fuel mixture credit because butane is both an alternative fuel and a taxable fuel.

Accordingly, the court affords the Revenue Ruling significant weight that is only slightly dampened by the Revenue Ruling's timing.

### E. **Alternative Interpretation**

"[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." <u>Griffin v. Oceanic Contractors, Inc.</u>, 458 U.S. 564, 575 (1982).

Generally, alternative fuel legislation, like Section 6426(e), was passed by Congress to incentivize the production and use of alternative fuels and alternative-fuel vehicles.[20] The name of the alternative fuel mixture credit alone implies that Congress intended to incentivize the production of alternative fuels, not traditional fuels. Considering butane an LPG within Section 6426 would be contrary to the intent of Congress because it would allow tax credits for the production of gasoline as it has historically been produced and would essentially result in a tax windfall to the nation's largest gasoline producers. Clearly, Congress did not intend to incentivize the production of traditional gasoline with a tax credit titled "alternative fuel mixture credit." There is nothing "alternative" about traditional gasoline.

Finally, if butane is excluded from LPG within Section 6426,

---

[20] <u>See e.g.</u>, Alternative Motor Fuels Act, Pub. L. No. 100-494, 102 Stat. 2441, 2441-42 (1988); Alternative Fuels Data Center, https://afdc.energy.gov/laws/key_legislation (last visited Feb. 18, 2020) (discussing the history of alternative fuels legislation).

12

alternative interpretations that are consistent with Congress's intent are available. For example, ethane and propane are common LPGs. Ethane and propane are not gasoline blendstocks and are not taxable fuels under Section 4083. See 26 C.F.R. § 48.4081-1(c)(3)(i). Accordingly, ethane and propane can be considered LPGs under Section 6426(d) and the problems associated with considering butane as an LPG are not present. Neither ethane nor propane would be considered both a taxable fuel and an alternative fuel within the definition of an alternative fuel mixture. Either could be mixed with a taxable fuel, like gasoline, and the mixture would be eligible for the alternative fuel mixture tax credit. Finally, neither ethane nor propane would arguably be eligible for treatment as an alternative fuel mixture by itself.

For the following reasons, the court finds that butane is excluded from the term LPG in Section 6426 and is not an alternative fuel for the purposes of Section 6426(e)'s alternative fuel mixture credit: (1) including butane within the LPG definition leads to the absurd result of incentivizing the production of traditional gasoline with an alternative fuel mixture credit, which is contrary to the intent of Congress; (2) including butane within the LPG definition leads to the absurd result that butane would be both an alternative fuel and a taxable fuel within the definition of an alternative fuel mixture; (3) the Revenue Ruling counsels that butane is a taxable fuel, not an alternative fuel within

Section 6426, and the court affords the Revenue Ruling significant weight; and (4) interpretations of LPG within Section 6426 that exclude butane are available and are consistent with Congress's intent.

**F.     Motion to Strike**

On January 24, 2020, Defendant filed its motion to strike the affidavit of Ken Stern, arguing that Stern's affidavit should be stricken because it was untimely and raised new arguments. In the affidavit, Stern opines that: (1) butane and propane are widely available in the United States and can reduce the United States's dependence on foreign oil; (2) butane and propane are better than gasoline for the environment; (3) butane has an added environmental benefit to propane in that it is less volatile; (4) butane is better than propane for use in engines; and (5) in total, butane is better for the environment that propane.[21] The conclusions reached by the court are not affected by Stern's affidavit. Accordingly, the motion to strike is moot.

## IV.     Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's Motion for Partial Summary Judgment be **DENIED**. Defendant's Motion to Strike Affidavit of Ken Stern is **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and

---

[21]     See Doc. 58-1, App. I to Pl.'s Reply in Support of Mot. for Summ. J., Stern Aff.

Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 25th day of February, 2020.

Nancy K. Johnson
United States Magistrate Judge